FILED

January 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0568

DA 14-0568

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 4N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DAVID V. SEGNA, Jr.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DC-13-103
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Haley Connell, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

            Eileen Joyce, Silver Bow County Attorney, Samm Cox, Deputy County Attorney, Butte, Montana

Submitted on Briefs:  November 12, 2015
Decided:  January 5, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     David Victor Segna, Jr., appeals his criminal sentence. We affirm.

¶3     Segna, currently in his early thirties, has a lengthy criminal history. He was incarcerated in Pine Hills as a juvenile and later in both Nevada State Prison and Montana State Prison. He has a history of alcohol and drug abuse and many of his crimes were drug and violence-related. In the instant case, having absconded from his conditional release from the Department of Corrections on a prior conviction, Segna was apprehended in August 2013 following a high-speed chase through the streets of Butte and an ensuing burglary. He was charged with felony burglary, felony criminal endangerment, and fleeing from or eluding officers (Cause No. DC-13-103).

¶4     On the first day of trial, Segna entered into a plea agreement, pleading guilty to burglary and criminal endangerment, in exchange for an agreement by the State that it would drop the "fleeing" charge and not seek persistent felony offender status. The State also agreed to recommend that Segna's sentences for the current crimes run concurrently with each other *and* with the criminal sentence Segna was serving at the time (Cause No. DC-11-73). The Second Judicial District Court for Butte-Silver Bow County accepted his plea.

¶5 On March 6, 2014, after receiving the pre-sentencing investigation (PSI), the District Court conducted a sentencing hearing. Noting Segna's extensive criminal history, the court orally sentenced Segna to Montana State Prison (MSP) for 15 years on the Count I burglary charge and 10 years on the Count II criminal endangerment charge. The court expressly stated, "These sentences should be run concurrently." The court did not reference the DC-11-73 sentence that Segna was serving at the time of sentencing. On March 27, 2014, the District Court issued its written Judgment and Order of Commitment in which it stated "the sentences imposed in Counts I and II shall run concurrently with each other." Again, the court did not state that the new sentences were to run concurrently with Segna's DC-11-73 sentence despite the State's recommendation that it do so.

¶6 Segna appeals the sentence claiming that the District Court's written judgment does not conform to the oral pronouncement of sentence which, in accordance with established law, is the legally effective sentence. *State v. Lane*, 1998 MT 76, ¶¶ 37-40, 288 Mont. 286, 957 P.2d 9. Segna interprets the District Court's oral pronouncement of sentence to require that his DC-13-103 sentences run concurrently with his DC-11-73 sentence. However, upon receipt of the written judgment, DOC ran his new sentences consecutively with his DC-11-73 sentence on the grounds that the written judgment did not state the sentences were to run concurrently.

¶7 Segna argues that if the District Court did not intend to run the DC-13-103 sentences concurrently with his DC-11-73 sentence, in accordance with the accepted plea agreement, the court should have expressly rejected that part of the plea agreement. It

3

did not do so. Segna therefore urges us to remand to the District Court for re-sentencing or to give the District Court the opportunity to clarify its sentence.

¶8 The State counters that the court's oral and written pronouncements of sentence "unambiguously ordered the [DC-13-103] sentences . . . to run concurrently with each other" and made no reference to Segna's sentence in DC-11-73. Consequently, the written judgment accurately memorialized the oral pronouncement of sentence and the District Court's sentence should be affirmed. While the State acknowledges that it recommended concurrent sentences in DC-11-73 and DC-13-103, it argues that the District Court was not required to follow that recommendation or to notify Segna that it did not intend to follow it. It notes that the plea agreement was not binding and that Segna was adequately informed that the District Court had the authority to reject any element of it.

¶9 We agree with the State. The pre-trial agreement expressly notified Segna that the District Court was not a party to the plea agreement and was not bound by the sentencing recommendations therein. Segna was informed that he would not have the opportunity to withdraw his plea in the event the District Court did not accept the recommendations. Moreover, the court's language in its full oral pronouncement displays its intent to be strict with Segna. The court stated:

> [T]he [c]ourt is very familiar with your criminal, extensive criminal history and even to the extent that it started as a youth. In reviewing your criminal history, it's apparent that you've never tried to comply with the laws of the State of Montana; that throughout your entire life, you've had criminal behavior.

4

The court further noted that in its 12-year history on the bench, it had heard Segna's name more than anyone else's name and that Segna had "total disregard for other people and the consequences of the actions of [his] life." The court verbally rejected the recommendation of Boot Camp and expressed hopes that Segna would learn in prison and seek and accept treatment.

¶10 Because the plea agreement was not binding upon the District Court, the court was not required to accept every recommendation or request set forth in the agreement. Section 46-12-211(1)(c) and (2), MCA. The court's oral and written sentences are consistent and lawful, and reflect the court's intention not to run the new sentences concurrently with the sentence in DC-11-73. We therefore decline to remand for resentencing.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, this case presents a question clearly controlled by settled law.

¶12 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE